NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | | |
|---|---|---|
| LARRY E. JOHNSON, | ) | No. 09-17715 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 2:08-cv-02366-DKD |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant – Appellee. | ) | |
| | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Arizona
David K. Duncan, Magistrate Judge, Presiding

Submitted April 13, 2011[**]
San Francisco, California

Before: FERNANDEZ, RAWLINSON, Circuit Judges, and WELLS,[***]
District Judge.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable Lesley Wells, Senior United States District Judge for the
Northern District of Ohio, sitting by designation.

Larry Johnson appeals the district court's dismissal of his action against Michael Astrue, the Commissioner of the Social Security Administration (SSA), for lack of jurisdiction.[1]  See Fed. R. Civ. P. 12(b)(1).  We affirm.

Johnson asserts that because he had filed claims for discrimination and harassment with the Equal Employment Opportunity Commission (EEOC) arising out of his employment by SSA, the district court had jurisdiction, even though he had entered into a settlement and withdrawn all complaints and appeals.  He asserts that SSA breached the settlement agreement and points out that an EEOC regulation indicates that the EEOC may order compliance or reinstatement of a claim when it is satisfied that a breach has been shown.  See 29 C.F.R. § 1614.504(c).  However, that regulation does not waive the government's sovereign immunity and confer the power to adjudicate Johnson's claim of breach on the district court.  See Munoz v. Mabus, 630 F.3d 856, 860–863 (9th Cir. 2010).  That being so, the district court did not have jurisdiction over the claim.[2]

AFFIRMED.

---

[1]He asserted jurisdiction pursuant to Title VII, 42 U.S.C. §§ 2000e–2000e-17.

[2]On appeal, Johnson alludes to the Administrative Procedure Act, 5 U.S.C. §§ 701–706.  However, he neither pled nor argued the provisions of that Act before the district court, and we will not consider the issue on appeal.  See Crawford v. Lungren, 96 F.3d 380, 389 n.6 (9th Cir. 1996).

2